MARCUS, Justice
(dissenting).
I consider that the mistrial declared in the first trial was legally ordered under La.Code Crim.P. art. 775; therefore, the second trial did not violate the state consti *CXC tution’s proscription against double jeopardy as implemented in La.Code Crim.P. art. 591.[1]
This was a bench trial. The trial judge recused himself because of his bias regarding a key state witness. The judge stated that he felt it was necessary to declare a mistrial and recuse himself from the case because he “had information concerning this witness which would cause the court to be biased . . which would prohibit the court from rendering a fair and impartial decision.”
A judge may recuse himself, whether a motion for his recusation has been filed by a party or not, in any case in which a ground for recusation exists. La.Code Crim.P. art. 672. The grounds for recusation are set forth in La.Code Crim.P. art. 671. Paragraph (1) under said article provides that in a criminal case a judge shall be recused when he is biased, prejudiced, or personally interested in the cause to such an extent that he would be unable to conduct a fair and impartial trial. I consider the judge’s admitted bias to the extent that he could not render a fair and impartial decision in this bench trial constituted a ground for recusal within the meaning of paragraph (1) of art. 672. Hence, I consider that the trial judge properly recused himself.
Once the judge recused himself, it was physically impossible to proceed with the trial, particularly since the judge was the trier of fact in this instance. La.Code Crim.P. art. 775(5) provides that a mistrial may be ordered when it is physically impossible to proceed with the trial in conformity with law. La.Code Crim.P. art. 591 provides in pertinent part that no person shall be twice put in jeopardy of life or liberty for the same offense except where there has been a mistrial legally ordered under the provisions of art. 775. Here, a mistrial was legally ordered under art. 775, an exception to the prohibition against double jeopardy; therefore, defendants were properly retried following the mistrial.
I respectfully dissent.

. La.Code Crim.P. art. 591 provides:
No person shall be twice put in jeopardy of life or liberty for the same offense, except, when on his own motion, a new trial has been granted or judgment has been arrested, or where there has been a mistrial legally ordered under the provisions of Article 775 or ordered with the express consent of the defendant.